**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNIFER GRANT,<br>Plaintiff,<br>v.<br>MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br>Defendant. | Case No. CV 11-0554 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

**I.**

**<u>INTRODUCTION AND SUMMARY</u>**

On January 21, 2011, plaintiff Jennifer Grant ("Plaintiff") filed a complaint against defendant Michael J. Astrue ("Defendant"), the Commissioner of the Social Security Administration, seeking reversal of a decision terminating her disability insurance benefits ("DIB") on the ground that her disability had ceased. [Docket No. 3.]

On August 12, 2011, Defendant filed his answer, along with a certified copy of the administrative record. [Docket Nos. 11-13.]

In sum, having carefully studied, *inter alia*, the parties' joint stipulation and

the administrative record, the Court concludes that, as detailed below, the Administrative Law Judge ("ALJ") improperly evaluated the medical evidence regarding whether Plaintiff's impairment met or equaled the severity of any listing set forth in the Social Security regulations. The Court thus remands this matter to the Commissioner in accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

**II.**

**PERTINENT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was born on February 24, 1971. (Administrative Record ("AR") at 36, 38.) In 1997, Plaintiff filed for DIB due to asthma and nasal polyps. (*See id.* at 36, 38, 60.) On June 17, 1998, Plaintiff was found to be disabled as of May 5, 1996 due to asthma that met § 3.02A of the Listing of Impairments (the "Listing").[1/] (*Id.* at 15-17.) On July 11, 2002, Plaintiff's disability was found to continue. (*Id.* at 16-17, 60.)

Subsequently, a continuing disability review was conducted, resulting in a June 28, 2007 determination that Plaintiff's disability had ceased due to medical improvement as of June 1, 2007, terminating her entitlement to benefits. (AR at 15, 38, 39, 87.) A disability hearing officer affirmed that decision after a hearing. (*Id.* at 36, 57-68.) Plaintiff requested a hearing before an ALJ. (*Id.* at 22.)

On October 2, 2008, Plaintiff, represented by counsel, appeared and testified at a hearing before an ALJ. (*See* AR at 422-48.) The ALJ also heard testimony from Howard Goldfarb, a vocational expert ("VE"). (*Id.*)

On February 23, 2009, the ALJ issued a decision, concluding that Plaintiff's disability ended on June 1, 2007.[2/] (AR 15-21.)

---

[1/] *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

[2/] The Commissioner's regulations establish a sequential evaluation procedure consisting of up to eight steps for evaluating whether a claimant's disability

To support his conclusion, the ALJ made the following findings.

1.) The most recent favorable medical decision finding that Plaintiff was disabled, known as the comparison point decision ("CPD"), was dated July 11, 2002. (AR at 16.)

2.) At the time of the CPD, Plaintiff had a medically determinable impairment of asthma that met the requirements of § 3.02A of the Listing. (*Id.* at 17.)

3.) Plaintiff did not engage in any substantial gainful activity through June 1, 2007. (*Id.*)

4.) The medical evidence establishes that as of June 1, 2007, Plaintiff continued to suffer from severe asthma. (*Id.*)

5.) Since June 1, 2007, Plaintiff has not had an impairment, either individually or in combination, that met or medically equaled the severity of any listing set forth in the Social Security regulations. (*Id.*)

6.) Medical improvement[3/] occurred as of June 1, 2007 and the improvement

---

continues. *See* 20 C.F.R. § 404.1594(f); *see also* 20 C.F.R. § 416.994(b)(5). If the Commissioner finds that the claimant's condition has medically improved and the improvement is related to her ability to work, the Commissioner will consider the claimant's current impairments and determine whether these may, nonetheless, preclude substantial gainful activity. *Id.* In essence, the five-step analysis originally applied to determine disability is applied once more. *See Delph v. Astrue*, 538 F.3d 940, 945-46 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 1999 (2009); *see also Anderson v. Astrue*, 2008 WL 4500882, at *3 (C.D. Cal. 2008).

[3/] "Medical improvement" is defined as "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with your impairment(s)." 20 C.F.R. §§ 404.1594(b)(1) & 416.994(b)(1)(i).

related to Plaintiff's ability to work.[4] (*Id.* at 17-18.)

7.) The ALJ assessed Plaintiff's residual functional capacity[5] ("RFC") and determined that, as of June 1, 2007, she could perform "work at all exertional levels that would not require exposure to concentrated fumes, odors, dusts, gases and poor ventilation." (*Id.* at 19.)

8.) The ALJ found that Plaintiff lacks the ability to perform her past relevant work as a fast foods manager. (*Id.* at 20.)

9.) Based on Plaintiff's RFC, vocational factors, and the VE's testimony, the ALJ found that, as of June 1, 2007, Plaintiff "was able to perform a significant number of jobs in the national economy," including sales clerk and hand packager. (*Id.* at 20-21.)

Thus, the ALJ concluded that Plaintiff's disability ended on June 1, 2007, and that Plaintiff was no longer suffering from a disability as defined by the Act. (AR at 15, 21.)

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. (AR at 4-6, 11.) The ALJ's decision stands as the final decision of the Commissioner.

**III.**

**STANDARD OF REVIEW**

This Court is empowered to review decisions by the Commissioner to deny

---

[4] Where, as here, the claimant was previously found disabled under the Listing and a finding of medical improvement is made on a continuing disability review, the medical improvement is deemed related to the ability to work because no prior residual functional capacity ("RFC") finding exists to compare with the claimant's current RFC. *See* 20 C.F.R. §§ 404.1594(c)(1)-(c)(3)(i) & 416.994(b)(2)(iv)(A).

[5] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n. 5 (9th Cir. 1989).

benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001, *as amended* Dec. 21, 2001). If the court, however, determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

**IV.**

**ISSUE PRESENTED**

A single disputed issue is presented here: whether the ALJ erred in failing to find Plaintiff's impairment met or equaled § 3.03B of the Listing. (Joint Stip. at 3-6, 10-12.)

/ / /

/ / /

V.

**DISCUSSION AND ANALYSIS**

Plaintiff argues that the "ALJ's cursory listing determination is legally insufficient" and Plaintiff's impairment "meets or equals Listing 3.03B."[6] (Joint Stip. at 4.) Plaintiff contends that the ALJ's "discussion or lack thereof flies in the face of treatment records that reflect that between September 21, 2007 and September 4, 2008, [Plaintiff] sought physician intervention on 6 occasions due to asthma." (*Id.*)

A. Standard to Meet or Equal the Listing

To meet or equal the Listing, plaintiff has the burden of establishing that she meets or equals each characteristic of a listed impairment. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). "An impairment 'meets' a listed condition in the Listing of Impairments only when it manifests the specific findings described in the set of medical criteria for that listed impairment." Social Security Ruling ("SSR") 83-19,[7] 1983 WL 31248, at *2. An impairment "equals" a listed impairment when "the set of symptoms, signs, and laboratory findings in the medical evidence supporting a claim . . . are at least equivalent in severity to the set of medical findings for the listed impairment." *Id.*

As relevant here, Listing § 3.03B pertains to asthma with attacks (as defined in § 3.00C) "in spite of prescribed treatment and requiring physician intervention,

---

[6] Plaintiff concedes that she no longer meets § 3.02A of the Listing. (*See* AR at 428-29.)

[7] "The Commissioner issues Social Security Rulings [("SSRs")] to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the [Social Security Administration]. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1203 n. 1 (9th Cir. 2001) (internal citations omitted).

occurring at least once every 2 months or at least six times a year," with inpatient hospitalizations for longer than 24 hours counting as two attacks. 20 C.F.R., pt. 404, subpt. P, app. 1, § 3.03B. Under § 3.00C of the Listing, "asthma attacks" are defined as "prolonged symptomatic episodes lasting one or more days and requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy in a hospital, emergency room or equivalent setting." *Id.* § 3.00C.

Section 3.00C further provides that "[w]hen a respiratory impairment is episodic in nature, as can occur with exacerbations of asthma . . . , the frequency and intensity of episodes that occur despite prescribed treatment are often the major criteria for determining the level of impairment. Documentation for these exacerbations should include available hospital, emergency facility and/or physician records indicating the dates of treatment; clinical and laboratory findings on presentation, such as the results of spirometry and arterial blood gas studies (ABGS); the treatment administered; the time period required for treatment; and the clinical response." 20 C.F.R., pt. 404, subpt. P, app. 1, § 3.00C. The section also explains that "[t]he medical evidence must . . . include information documenting adherence to a prescribed regimen of treatment as well as a description of physical signs. For asthma, the medical evidence should include spirometric results obtained between attacks that document the presence of baseline airflow obstruction." *Id.*

B. ALJ's Listing Determination

Having carefully reviewed the record and the joint stipulation, the Court is persuaded that the ALJ's evaluation of the medical evidence and consideration of whether Plaintiff's asthma meets or equals the requirements of Listing § 3.03B is not legally sufficient and/or supported by substantial evidence. Two reasons guide this Court's determination.

First, the Court finds that the ALJ erred in selectively considering Plaintiff's treatment records. For instance, the ALJ found that, as of June 1, 2007, Plaintiff did

not meet or equal the requirements of Listing § 3.03B partly because treating physician Jeffrey I. Hananel, D.O. ("Dr. Hananel") found Plaintiff's asthma to be "controlled."[8/] (AR at 17; *see also id.* at 218.) However, while on occasional visits Plaintiff's treating physicians noted her asthma to be "controlled," (*see, e.g., id.* at 231 (treatment note dated May 1, 2007)), on numerous other occasions around the same time period, treating physicians found her asthma to be "persistent" and "not controlled." (*See, e.g., id.* at 236-37 (treatment note, dated November 1, 2007, reporting Plaintiff's asthma "persistent, not controlled"), 243 (treatment note, dated May 15, 2007, reporting asthma "persistent not controlled"), 249-50 (treatment note, dated April 6, 2007, reporting asthma "persistent not controlled"), 256 (treatment note, dated March 9, 2007, reporting asthma "persistent not controlled").)

Further, the ALJ concluded that Plaintiff had "five acute visits in 2007," but that these "exacerbations were generally caused by colds, acute bronchitis or sore throats" and were resolved with "antibiotic therapy." (AR at 17.) The ALJ attempts to parse out Plaintiff's asthma into two categories – asthma exacerbated by "colds, acute bronchitis or sore throats" and asthma exacerbated by other environmental irritants. However, the Court fails to see how this is a relevant distinction. Nowhere in §§ 3.00C and 3.03B of the Listing is an "asthma attack" defined by what triggers it. Nor is it clear that the two pulmonary diseases asthma and bronchitis are not interrelated. Plaintiff's treatment notes indicate that she has suffered from acute bronchitis since as early as January 28, 2005. (*See, e.g., id.* at 263.) Contrary to the ALJ's assertion that asthma caused by bronchitis and treated with "antibiotic therapy" necessarily fails to meet the Listing, the Court notes that § 3.00C defines an "asthma attack" by one involving "prolonged symptomatic episodes lasting one or

---

[8/] Defendant asserts, and Plaintiff does not contest, that the ALJ mistakenly refers to Listing § 3.02B in the decision, but was "referring to Listing 3.03B." (Joint Stip. at 7; *see also* AR at 17.)

more days and requiring intensive treatment, such as . . . *antibiotic* administration[.]" 20 C.F.R., pt. 404, subpt. P, app. 1 (emphasis added).

Moreover, Plaintiff points out approximately seven hospital visits relating to her asthma between September 2007 and September 2008, which the ALJ failed to expressly discuss. (*See* Joint Stip. at 4-5; *see generally* AR at 17.) While the Court is not persuaded that all of these visits constitute an "asthma attack" under Listing §§ 3.00C and 3.03B, (*see, e.g.*, AR at 236-37, 405, 416, 417-18), or that Plaintiff has met her burden of establishing that she meets or equals Listing § 3.03B, it is difficult for the Court to discern from the treatment notes how long Plaintiff's asthmatic episodes lasted and what kind of treatment she received during each of the visits, and the ALJ did not explain in the decision why he found Plaintiff's symptoms and treatments insufficient to meet the requirements of the Listing. Accordingly, the Court cannot conclude that Plaintiff definitively meets or equals Listing § 3.03B; rather, the ALJ is in a better position to evaluate the medical evidence in this regard (*i.e.*, with the assistance of a medical expert) and the Court finds remand on this issue appropriate.

Second, the ALJ improperly concluded that Listing §§ 3.00C and 3.03B required asthma treatment to be administered at a hospital in order to establish intensive treatment of severe asthma attacks. In the decision, the ALJ explained that "the evidence does not support the frequency of emergency room treatment or hospitalization to meet the severity of this listed impairment." (AR at 17.) However, while § 3.00C explains that "asthma attacks" are partly defined by a need for "intensive treatment, *such as* intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy in a hospital, emergency room or equivalent setting," 20 C.F.R., Pt. 404, Subpt. P, App. 1 (emphasis added), § 3.00C does not *require* "hospitalization" or "emergency room treatment" as stated by the ALJ. *See, e.g.*, *Russo v. Astrue*, 2010 WL 4916628, at *5 (C.D. Cal. 2010) (home treatment may "constitute the kind of asthma attack

treatment described in Listing sections 3.00C and 3.03B"); *Martinez Nater v. Sec'y of Health and Human Serv.*, 933 F.2d 76, 78-79 (1st Cir. 1991) (remanding for further proceedings to determine if claimant met Listing § 3.03B who was hospitalized only twice in a two year period but who received asthma attack treatment that included inhalation therapy and intravenous medications at home or from treating physicians on at least 14 occasions); *Cole v. Heckler*, 587 F. Supp. 496, 497-98 (W.D.N.Y. 1984) (ALJ improperly concluded that Listing §§ 3.00C and 3.03B required asthma treatment to be administered in a hospital in order to establish intensive treatment of asthma attacks). Thus, the treatment Plaintiff administered to herself from home may constitute the kind of asthma attack treatment described in Listing §§ 3.00C and 3.03B. (*See, e.g.*, AR at 268-69 (treatment note, dated September 21, 2007, indicating Plaintiff has "been using her home nebulizer and [metered dose inhaler] without resolution").

## VI.

## REMAND IS APPROPRIATE

This Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989, *as amended* Oct. 19, 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000, *as amended* May 4, 2000), *cert. denied*, 531 U.S. 1038 (2000). Where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman*, 211 F.3d at 1179-80.

Here, remand is required because the ALJ failed to properly evaluate the medical evidence. If necessary, the ALJ shall, with the assistance of a medical

expert, obtain additional information and clarification regarding Plaintiff's asthma treatment.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

Dated: October 24, 2011

Hon. Jay C. Gandhi
United States Magistrate Judge